UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| UNITED STATES,<br>    Plaintiff,<br><br>v.<br><br>JENNIFER O. DJAN,<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 23-106-JJM-PAS |

# ORDER

Before the Court are eight motions in limine leading up to the trial in this matter. ECF Nos. 25, 27-32, and 38. After reviewing the motions and objections, the Court rules as follows:

1. **The Government's Motion in Limine To Introduce Intrinsic Evidence and alternatively, Notice pursuant to F.R.E. 404(b)**

The Government moves in limine to introduce evidence of Ms. Djan's direct participation in defrauding romance fraud victims during and in furtherance of the money laundering conspiracy charged in the indictment thru the co-conspirator testimony. Alternatively, it argues this testimony is also admissible pursuant to Rule 404(b)(2) because it is not being offered to prove Ms. Djan's criminal character, but rather to prove motive, intent, knowledge, absence of mistake and absence of accident in her laundering the proceeds of romance and other frauds. This evidence has "special relevance" and is therefore admissible. Ms. Djan objects, arguing that the co-conspirator's testimony that he believes she was communicating with fraud

victims by telephone is not timely, relevant, or probative and it is speculative, highly prejudicial propensity evidence.

The Court agrees with Ms. Djan and excludes this evidence under Rule 403(b) of the Federal Rules of Evidence. The Court DENIES the Government's motion. ECF No. 25.

**2. Ms. Djan's Motion in Limine for Voir Dire of the Government's 404(B) Witness/Alleged Co-Conspirator**

This motion involved testimony from the same co-conspirator referenced in the Government's motion above. Because the Court denied the Government's motion in limine, Ms. Djan's motion to voir dire this witness is DENIED AS MOOT. ECF No. 38.

**3. Ms. Djan's Motion in Limine Portions of Recorded Interrogation**

The person who interrogated Ms. Djan added commentary, including his personal statements of disbelief, so Ms. Djan moves in limine to exclude them as not relevant and highly prejudicial. The Government concedes that it does not intend to admit any portion of the statements or the fact of the interviews. As such, the Court DENIES AS MOOT Ms. Djan's motion. ECF No. 27.

**4. Ms. Djan's Motion in Limine to Exclude Testimony Re: Financial Hardship**

Ms. Djan moves to exclude testimony that some of the victims/witnesses in this case have suffered financial hardship and other personal adversity as a result of these fraud schemes as irrelevant, not probative, and unfairly prejudicial. The Government argues that it will not introduce evidence of their current financial hardships but

evidence of the witness's life circumstances at the time they were defrauded, the source of funds they sent to the defendant and co-conspirators, and their communications with the fraudsters regarding those circumstances are both relevant and probative and go to the witness' credibility.

The Court DENIES Ms. Djan's motion. ECF No. 28. In light of the Government's burden to prove certain elements of the counts against her, it may elicit testimony as indicated in its response.

5.  **Ms. Djan's MOTION in Limine to Exclude Testimony re: Search Warrant**

Ms. Djan moves to exclude any and all reference to the fact that her home was searched by law enforcement pursuant to a search warrant as it may lead the jury to conclude that the court already decided probable cause. The Government counters that it does not intend to introduce the warrant itself into evidence or elicit undue emphasis on the fact that a judicially authorized warrant was issued, but may make incidental reference to the fact the location was searched and, apart from the items described above, no evidence was found that a logistics company was being operated from that location.

The Court DENIES Ms. Djan's motion. ECF No. 29. Incidental reference to a search of Ms. Djan's home is allowed.

6.  **Ms. Djan's MOTION in Limine Exclude Expert Testimony and Request for Daubert Hearing**

Ms. Djan seeks a Daubert hearing and/or exclusion of the Government's financial witness, Ms. Brekenfeld's testimony, arguing that she is not qualified as an expert and intends to impermissibly testify about Ms. Djan's mental state/intent to

3

commit the crime. The Government objects, arguing that FA Brekenfeld is not being called as an expert. It is calling her to testify as a summary witness, as to her review and analysis of financial transactions in bank accounts associated with Ms. Djan and JD Logistics, as well as records of financial transactions documented in victim records and third parties to whom payments were sent and/or received.

The Court DENIES Ms. Djan's motion. ECF No. 30. Ms. Brekenfeld is allowed to testify as a summary witness, but if her trial testimony goes beyond this, the Court will entertain any objections at that time.

7. **Ms. Djan's Motion in Limine to Exclude Testimony Re Race/Nationality/Ethnicity as Insinuation of Guilt**

Ms. Djan moves in limine to exclude testimony attempting to draw a negative connotation about her West African ethnicity. The Government objects, arguing that it will not elicit such testimony but will present evidence about Ms. Djan's multiple trips to Ghana, co-conspirators she regularly communicates with who live in Ghana, and her bringing and sending money to Ghana.

The Court DENIES Ms. Djan's motion. ECF No. 31. As the Government asserts, Ms. Djan's race is not relevant, but her connections in and trips to Ghana may be relevant to the charges against her.

8. **Ms. Djan's Motion in Limine Preclude Narration of Transcript to Jury by Govt Witness/Agent**

Ms. Djan moves in limine to prevent a government agent from reading a transcript of online messages between Ms. Djan and other alleged co-conspirators. These messages are going to be admitted into evidence and reading them into the record will waste time and will prejudice Ms. Djan. The Government

4

argues that its planned presentation of text message evidence in this case does not prejudice Ms. Djan or run afoul of the rules of evidence. Agent Daigler will not read the messages in a theatrical way, and the jury will have copies of the messages on the video monitors as she testifies and later in the jury room for deliberations. Agent Daigler's reading and, in some instances, summarizing of the messages displayed for the jurors during trial will expedite the presentation of evidence.

The Court DENIES Ms. Djan's motion. ECF No. 32. Agent Daigler is allowed to read text messages that have been admitted full into evidence, but if the reading becomes excessive or duplicative, the Court will entertain an objection at that time.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 10, 2025